**MARCIA HURD**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Avenue North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
MISSOULA, MT

2006 APR 21 PM 3 06

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WINSTON DAVENPORT, <br><br> Defendant. | CR 06-06-M-DWM <br><br><br> PLEA AGREEMENT |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Marcia Hurd, Assistant United States Attorney for the District of

AUSA   Def.   Def. Counsel

Montana, and defendant, WINSTON DAVENPORT, and his attorney, Morgan Modine, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B). Also included is a forfeiture count pursuant to 18 U.S.C. § 2253.

2. Defendant has read the charges against him contained in the Indictment and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to the Indictment in this case. Defendant will agree to the forfeiture contained in Count III of the Indictment in this case.

5. *Nature of the Agreement:* The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(B), Federal Rules of Criminal Procedure. Defendant acknowledges that the agreement will be fulfilled provided the government makes the recommendations contained in paragraph 13 of this pleading. Defendant understands that even if the Court does not accept or follow the recommendations made by the United States, he will not have an automatic right to withdraw his plea. Rule 11(c)(3)(B), Federal Rules of Criminal Procedure.

AUSA    Def.    Def. Counsel

6.  *Admission of Guilt:* Defendant will plead guilty because he is in fact guilty of the charges contained in Count I of the Indictment. In pleading guilty to Count I, defendant acknowledges that during 2005 and ending in November of 2005, at Hamilton, in the State and District of Montana, the defendant, WINSTON DAVENPORT, knowingly received child pornography that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer located at various locations in Hamilton, Montana, in violation of 18 U.S.C. § 2252A(a)(2).

In pleading guilty to Count II, the defendant acknowledges that during 2005 and ending in November of 2005, at Hamilton, in the State and District of Montana, the defendant, WINSTON DAVENPORT, knowingly possessed computer files containing an image or images of child pornography that had been mailed, or shipped, or transported in interstate or foreign commerce by any means including by a computer located at various locations in Hamilton, Montana, in violation of 18 U.S.C. § 2252A(a)(5)(B).

In admitting to Count III, the defendant acknowledges that as a result of the commission of the crime described in Count I and II above, and upon his conviction, the defendant, WINSTON DAVENPORT, shall forfeit to the United States, all right, title and interest in the following described property that represents property used to commit that offense:

> X-Infinity Cyberpower computer tower, identification number 041010079 containing three hard drives

AUSA   Def.   Def. Counsel

pursuant to 18 U.S.C. § 2253(a).

7. *Maximum Punishment Provided by Law:* Defendant understands Count I to which he will plead guilty carries a mandatory term of five to twenty years imprisonment and a $250,000 fine. Further, defendant acknowledges that the crime to which he is entering a plea is a Class C felony [10 - 25 years] Title 18 U.S.C. § 3559(a)(3) which provides for a maximum term of supervised release of up to lifetime pursuant to 18 U.S.C. § 3583(k) (PROTECT Act).

Count II to which he will be pleading carries a term of ten years imprisonment and a $250,000 fine. Further, defendant acknowledges that the crime to which he is entering a plea is a Class D felony [5 - 10 years] Title 18 U.S.C. § 3559(a)(4) which provides for a maximum term of supervised release of up to lifetime pursuant to 18 U.S.C. § 3583(k) (PROTECT Act).

8. *Elements of the Charge:* Defendant has been advised of the nature of the charges made against him and the elements of the crimes to which he is entering a guilty plea. Defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crimes. He further acknowledges that these are the elements of the crimes charged in the Indictment:

### RECEIPT OF CHILD PORNOGRAPHY - Count I

First, that defendant knowingly received a visual depiction in interstate commerce by any means, including a computer;

Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

```
_____    _____    _____
  AUSA        Def.      Def. Counsel
```

Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, that defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

**POSSESSION OF CHILD PORNOGRAPHY - Count II**

First, that defendant knowingly possessed computer disks or any other material which defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

Second, defendant knew the visual depictions contained in the computer disks or any other material contained minors engaged in sexually explicit conduct;

Third, defendant knew that production of such visual depictions involved use of minors in sexually explicit conduct; and

Fourth, that each visual depiction had been either

    (a)    mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or

    (b)    produced using material that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

**FORFEITURE - Count III**

That certain property or proceeds were used to facilitate the commission of the offense in Count I and II of the Indictment.

|  |  |  |
|---|---|---|
| AUSA | Def. | Def. Counsel |

Defendant understands that by entering a guilty plea, the government will not be required to present proof of his guilt and the elements recited herein because there will be no trial if the Court accepts his plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

(a) During the entry of any plea pursuant to this plea agreement, the government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives during any such plea colloquy.

(b) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

AUSA    Def.    Def. Counsel

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(g) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

(h) If convicted, and within 10 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal his conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle him to reversal of the conviction.

10. *Waiver of Rights by Plea:* Defendant understands that by pleading guilty pursuant to this agreement he is waiving all the rights set forth in the prior section. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

AUSA　Def.　Def. Counsel

11.  *Waiver of FOIA*: The defendant knowingly, expressly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12.  Defendant agrees to forward to the United States immediately and voluntarily any and all assets and property or portions thereof subject to forfeiture pursuant to 18 U.S.C. § 2253 which are in the possession or control of defendant or his nominees. The assets to be forfeited specifically include the following:

> X-Infinity Cyberpower computer tower, identification number 041010079 containing three hard drives

13.  *Recommendations:*

The United States will recommend a sentence at the low-end of the advisory Guideline range or the mandatory minimum, whichever is higher and that defendant be given a two point credit for acceptance of responsibility. If defendant's offense level is 16 or greater, and if defendant files this agreement or a Notice of Intent to Change Plea by April 21, 2006, the United States will move the Court at the time of sentencing to award the defendant an additional one point for acceptance of responsibility pursuant to the "Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today

_____  _____  _____
  AUSA       Def.     Def. Counsel

Act of 2003" (PROTECT Act). Pub. L. 108-21 [section 401(g)(2)(B)], 117 Stat. 650 (Apr. 30, 2003).

The defendant agrees to obtain a sexual offender evaluation from a provider acceptable to the U.S. Probation Office, which will include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators. The defendant agrees that all results of evaluation and testing will be released, upon their request, to the Court, United States Attorney's Office and the United States Probation Office. The defendant expressly and specifically waives any medical or other privacy right, privilege, or objection to such disclosure. The defendant will successfully complete any treatment recommended and will as register, as required by law, as a sexual offender. The defendant agrees to have no contact with minor children except when other adults are present. The defendant and the United States stipulate and agree, if the Court accepts this agreement, that the terms outlined in this provision will be made a part of the judgment in this case.

The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing calculation. The United States further reserves the right to object to any motion for downward departure from the advisory guideline range or from the criminal history category.

Both parties acknowledge that the Court is not bound by the recommendations of either party and may sentence the defendant to a sentence anywhere within the

AUSA   Def.   Def. Counsel

statutory penalty range, provided the sentence is determined to be reasonable after having considered the advisory guideline calculation.

14. *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Judge, the United States Attorney for Montana shall bring no further action against WINSTON DAVENPORT based upon the facts alleged in this Indictment. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

15. *Voluntary Plea:* Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce defendant to plead guilty.

16. *Special Assessment/ Financial Obligations:* Defendant recognizes that he will be responsible for a mandatory assessment of $200 pursuant to Title 18 U.S.C. § 3013 of the Comprehensive Criminal Control Act. Defendant agrees that any fine, restitution, or special assessment imposed by the Court is due and payable immediately.

17. *Detention/Release After Plea:*

Pursuant to Title 18 U.S.C. § 3143(a)(2), defendant acknowledges that he will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted *or* (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed *and*

|  |  |  |
|---|---|---|
| AUSA | Def. | Def. Counsel |

(B) the Court finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, defendant may be released upon conditions.

18. *Entire Agreement:* Any statements or representations made by the United States, defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

**WILLIAM W. MERCER**
**United States Attorney**

_Timothy J. Racicot_ FOR
MARCIA HURD
Assistant U. S. Attorney
Date: 4-21-06

WINSTON DAVENPORT
Defendant
Date: 4-21-06

MORGAN MODINE
Counsel for Defendant
Date: 4-21-06

AUSA   Def.   Def. Counsel