**MARCIA HURD**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 1478**
**Billings, MT 59103**
**2929 Third Ave. North, Suite 400**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**


**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **WINSTON DAVENPORT,**  Defendant. | CR 06-6-M-DWM  **RESPONSE TO MOTION TO WITHDRAW GUILTY PLEA** |

Plaintiff, United States of America, by and through its counsel of record, Marcia Hurd, Assistant United States Attorney for the District of Montana, hereby files its Response to Davenport's Motion to Withdraw Guilty Plea.

Davenport pled guilty on April 24, 2006.  Davenport now seeks to withdraw his guilty plea, claiming that he has legitimate appealable issues regarding the suppression hearing ruling.  Davenport's motion is without merit and must be denied.

A defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal.  Fed. R. Crim. P. 11(d)(2)(B).  The decision to allow withdrawal of a plea is solely within the discretion of the district court.  *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).  The defendant has the burden to show a fair and just reason for the withdrawal of the plea.  *Id.*  The standard is applied liberally.  *Id.*  Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.  *Id.*

In *Ortega-Ascanio*, the appellate court found the fair and just reason to be an intervening Supreme Court decision that overruled Circuit precedent, giving defendant a "plausible ground for dismissal of his indictment."  *Id.* at 887.  The court went on to note that "the validity of [defendant's] guilty plea was not the proper inquiry" but rather the "proper inquiry was whether he had shown a fair and just reason for withdrawing his plea even if it was otherwise valid."  *Id.* at 884.

In *United States v. Cortez*, the Court held that "an involuntary plea may result where 'the accused does not understand the nature of the constitutional protections that he is waiving'".  *Cortez*, 973 F.2d 764, 767 (9th Cir. 1992).  The court, defense counsel and prosecution all believed that Cortez could assert a selective prosecution motion on

appeal during his change of plea hearing. Post-hearing, the United States became aware that such a claim was waived by the *Brady* doctrine. The court stated:

> This is not one of those situations where the defendant's attorney incorrectly predicts the outcome of some aspect of the defendant's case; such a situation does not support an involuntary plea claim.... Rather, Cortez was misinformed about the *actual* effect of his plea.

*Cortez*, 973 F.2d at 768.

The *Brady* doctrine, referenced in the *Cortez* case, developed from *Brady v. United States*, 397 U.S. 742 (1970). There the Supreme Court refused to allow defendant Brady to withdraw his guilty plea some eight years after its entry. The court said:

> We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

*Brady*, 397 U.S. at 757.

The court went on:

> Although Brady's plea of guilty may well have been motivated in part by a desire to avoid a possible death penalty, we are convinced that his plea was voluntarily and intelligently made and we have no reason to doubt that his solemn admission of guilt was truthful.

*Brady*, 397 U.S. at 758.

In a companion case decided the same day, *McMann v. Richardson*, 397 U.S. 759 (1970), the Supreme Court also noted:

> As we said in *Brady v. United States*, ... the decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainly, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? On those facts would evidence seized without a warrant be admissible? Would the trier of fact on those facts find a confession voluntary and admissible? Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trials entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.

*Id.* at 769 - 770.

In third of the trilogy of cases decided on that day, the Supreme Court again cited *Brady*, noting that "an otherwise valid plea is not involuntary because induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." *Parker v. North Carolina*, 397 U.S. 790, 795 (1970). The court went on to note that on the assumption that Parker's confession would be admissible at trial, Parker pled guilty and his decision to plead rested on the strength of the case against him. The import of his claim to the Supreme Court was that he now considered his confession involuntary and inadmissible; that he suffered from bad advice; and finally he would have gone to trial had he been correctly counseled. He sought to plead again. The Supreme Court rejected his claim, citing *Brady* and *McMann*, noting that "even if Parker's counsel was wrong in his assessment of Parker's

confession, it does not follow that his error was sufficient to render the plea unintelligent and entitle Parker to disavow his admission in open court that he committed the offense with which he was charged." *Parker*, 397 U.S. at 798.

Davenport does not claim an inadequate Rule 11 plea colloquy, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when he entered his plea. Rather, he claims that he has an appealable issue arising from the Court's denial of his motion to suppress. However, Davenport had that same potentially appealable issue prior to entering his plea and bargained away that issue as part of the plea agreement. His former attorney certainly recognized that potential appealable issue and discussed with the undersigned being allowed to reserve that issue and enter a conditional plea pursuant to Rule 11(a)(2). The United States and the court are both required to consent to such a reservation under the rule and the United States did not consent.

The advice Davenport's new attorney is giving him about the appealability of the suppression hearing ruling is not a new circumstance, especially when it was clear during plea negotiations that Davenport's former attorney also attempted to preserve that right with a conditional plea, something that neither United States not the court is required to do. Davenport has "buyer's remorse" about entering the plea and attempts to force this court to allow him to rebargain into better terms that would allow him the right to appeal the court's pretrial issue.

Davenport has not put forth any "fair and just" reason for this court to allow him to withdraw his guilty plea and thus his motion to do so must be denied.

DATED this 13th day of September, 2006.

                                      WILLIAM W. MERCER
                                      United States Attorney

                                      __/s/ Marcia Hurd_____
                                      MARCIA HURD
                                      Assistant U.S. Attorney